IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Matthew Jacob Lee Graham, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:10-cv-52 |
| | ) | |
| Dr. Dale Ernster, M.D., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Matthew Jacob Lee Graham (Graham) submitted a proposed complaint along with a motion for leave to proceed *in forma pauperis*. (Doc. #1.) The court granted leave to proceed *in forma pauperis* and now reviews the complaint under 28 U.S.C. § 1915(e)(2). (Doc. #2.) The above caption reflects the defendant as named by the plaintiff. After reviewing the plaintiff's submission, it appears the court lacks subject matter jurisdiction. Accordingly, it is **RECOMMENDED** that Plaintiff's complaint be **DISMISSED**.

Background

Graham is incarcerated at the North Dakota State Hospital. Graham states that in August 2009, Dr. Ernster, the defendant, administered a cortisone shot in Graham's right forearm to relieve tendinitis pain. Graham asserts Shawn Lee, Damond (a hospital security officer), and a nurse whose name is unknown, were present when Dr. Ernster administered the shot. According to Graham, Dr. Ernster advised him that the shot may result in bruising, but that the bruise would go away soon afterwards. However, in October 2009, Graham contends that he noticed a bruise from the shot was still present. Furthermore, Graham claims that as of June 2010, a clear and

visible mark remains present on his arm.  Graham's complaint states Dr. Ernster's address is at Innovis Health Clinic in Jamestown, so it is apparent that Dr. Ernster is not a state official.

Subject Matter Jurisdiction

Federal courts hold only limited jurisdiction.  They have only the power authorized by Article III of the Constitution and by congressional statute enacted pursuant to Article III.  <u>Bender v. Williamsport Area School Dist.</u>, 475 U.S. 534, 541 (1986).  It is fundamental that the court have subject matter jurisdiction in order to take any action on the case before it.  <u>Matter of Buchanon</u>, 600 F.2d 160, 164 (8th Cir. 1979).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

Graham asserts this court has subject matter jurisdiction pursuant 47 U.S.C. § 362.  Federal courts have jurisdiction "over all civil actions arising the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  However, the statute Graham cites does not provide a basis for subject matter jurisdiction.  Instead, this statute outlines forfeitures that are applied when a marine ship does not comply with provisions of the United States.  47 U.S.C. § 362.  Also, Dr. Ernster is not a state official acting under color of state law, and Graham has not alleged any constitutional violations, so his claim cannot be construed as one arising under 28 U.S.C. § 1983.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).  Therefore, this court does not have subject matter jurisdiction.

Subject matter jurisdiction may also be found if there is diversity of citizenship between the parties.  Federal courts have diversity jurisdiction when "there is complete diversity of citizenship and the amount in controversy is greater than $75,000."  <u>Advance Am. Servicing of Arkansas, Inc. v. McGinnis</u>, 526 F.3d 1170, 1172 (8th Cir. 2008).  Here, Graham asserts both

parties are citizens of North Dakota.  (Doc. #1).  Graham also demands $50,000, when the amount in controversy requirement is $75,000.  (Doc. #1).  Therefore, this court does not have diversity jurisdiction either.

## Conclusion

This court lacks subject matter jurisdiction over Graham's complaint.  Accordingly, it is **RECOMMENDED** that Graham's complaint and cause of action **BE DISMISSED** without prejudice.

## NOTICE OF RIGHT TO OBJECT

Pursuant to Rule 72(a) and (b), Federal Rules of Civil Procedure, and District of North Dakota Court Civil Rule 72.1(D)(2) and (3), any party may object to this Report and Recommendation and/or this Order by filing with the Clerk of Court no later than July 9, 2010, a pleading specifically identifying those portions of the Report and Recommendation and/or the Order to which objection is made and the basis of any objection.  Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.

Dated this 22nd day of June, 2010.

      /s/ *Karen K. Klein*
      Karen K. Klein
      United States Magistrate Judge